Case number 255781, Southwest Nashville EB Owner LLC v. Metro Government of Nashville in Davidson County, Tennessee, et al. Argument not to exceed 15 minutes per side. Mr. Houghton, you may proceed for the appellant. Thank you. Good afternoon, your honors. My name is Jonathan Houghton with Pacific Legal Foundation on behalf of the owner, Southwest National. Excuse me. The district court's sua sponte determination was an error and must be reversed. The takings claim and the due process claims here were right for determination. Rightness is a very modest requirement. All the property owner has to show is that the government committed to a position and that the property owner suffered a concrete injury that is not hypothetical. That is something that the owner in this case surpassed. When do you think the claim first ripened? Like when could you have brought, what was the earliest point at which you could have brought a lawsuit? I think, your honor, that the claim first ripened on June 29, 2022 when the government first sent an email saying that they were going to place this must-issue permit in an Arguably, your honor, it could have been earlier when they informally told them that they were doing that. I think that was June 6th and June 14th. But because, your honor, as we say, this is not a statute of limitations case, this is a rightness case, the date, the particular date doesn't make a difference. Well, what I'm trying to understand is the role of the indefinite hold correspondence from Mr. York on June 29th in the rightness analysis. And I'm wondering if the case, if that, how that bears on the analysis and whether your argument would be different if they had never issued the indefinite hold and instead said you're still pending like final site plan approval, we're still in our process for reviewing that. It wouldn't be, your honor, and the reason why it wouldn't be is because this is a permit that the government is required to issue as a matter of law. Well, let me ask you about that because my understanding is the zoned use is permissible as a matter of right. But, like, you can't, just because you have a permissible zoning use, like your client can't just go start building without final site plan approval and like a host of other requirements that are discretionary on the part of the zoning board, etc. So, I hear you on the hold letter, but I'm wondering if that makes this case different than the mine run case where an agency is just taking its time and processing an application. Except for the fact, your honor, that that respectfully is not this case. There is no dispute that the property owner's development was as of right. There is no dispute that no discretionary approvals were needed. No variances were needed. No special permits were needed. When your correspondence with the city contemplates that you've submitted a final site plan, grading permits, all sorts of, I mean, is your argument that because you're zoned for multifamily residential, you can just go build whatever you want at that point? Well, my position, your honor, is that we can build consistent with the zoning. And my position is that that is undisputed in this case. That there is no dispute from the government that we're consistent with zoning. The fact that we can build as of right and the fact that this is a must issue permit is undisputed in this case. It is not about that. It is not about any type of discretionary approvals or the government is still thinking about it. Okay. The government was required by law to issue this permit. You're saying the stuff that's in the email, it's just not permissible. The Tennessee Department of Transportation is not allowed to assess possible routes for a planned major roadway. They're not, I mean, they can't study or plan without, I mean, they can do it, but they have to issue you the permit. Yes, your honor. And then you can start building, and then if they decide we want to acquire the land for a roadway, you have to stop construction, they have to pay you whatever the fair market value is, and then you move on from there? Yes, your honor. The fact that the government That seems kind of inefficient, doesn't it? I mean, why can't they study, why can't they just say, hey, hang on, we just want to, I'm not saying they're being reasonable here, three, four years, whatever it's been. But why can't they say, look, we want to look at this for a major roadway. It doesn't make any sense to have you spend any money building this thing while we do that. They can, your honor, so long as they follow the law and pay just compensation for the time that they're preventing us. I mean, I think, your honor, the important thing here is that the law requires them to grant the permit. And if they do not grant the permit, the law requires them to pay just compensation. And while I understand, your honor, the court's position, looking at it from the perspective of the government, there is also the perspective of the property owner. We have a must-issue permit, we are allowed by law to build, we have been damaged to the tune of $200,000 per month because the government is not following the law. And now, four years later, after the government has committed to this position, we are $9.6 million in losses. Next month it will be $9.8, and the month after that it will be $10. All we are asking in this case, your honor... But I take it that the must-issue feature of the permit here does almost all of the work. Is that right? In other words, that would be a response to distinguish any of the cases, any of the delay cases that involve, you know, doing environmental impact studies, or doing all kinds of different things. In this case, you have a permit that has to issue, would be your argument. So none of those other cases would apply, right? Is that the argument? That's correct, your honor. The must-issue is doing the work. If this were a case where there was a variance, or there was a complex permitting scheme, or the government had the ability to say no, it would be different. But that is not this case. That's what I'm trying to understand. Here's how I'm thinking about the case, and tell me where I'm on track, off track. You're in the normal process. You have a permissible zoned use. You have a permit that you're going to work with the city to acquire. You're going to submit site plans for what you want to build, how you want to grade the property. They're going to make tweaks, and you're going to negotiate over that. That's kind of the normal building process as I'm thinking about it. You're trying to go through that. Then in June 2022, there's this indefinite hold that takes you out of the normal building process and puts you kind of in this no-man's land where you have no administrative redress, no ability to do anything. And that's the point at which you say that's the decision. It's not that there's been no decision. There has been a decision. It's a decision not to let us do anything in the normal course. Is that right so far or wrong? Partially, Your Honor. The reason why I only say partially is because going through this process, there is no tweaks. There is no discretion. The site plan, I mean, if you read the regulations, a site plan has to be approved by the zoning, by all sorts of people. So if they had done this exact same thing but said, apologies for the delay, but we're deliberating over the site plan and whether it's adequate and whether you have enough parking, whether you have all of that, you're saying they can't do that? They can't deliberate over your site plan? What I'm saying, Your Honor, is this is not that case. What I'm saying is the government said we are not going to issue your must-issue permit because we may take the property for eminent domain. The government did not say we're studying it for zoning compliance. But what is the must issue? Once you have that permit in hand, what is the next step? I mean, you can't literally go out there and start bulldozing, can you? Don't you have to get your plan approved then by the planning board or zoning board? Well, this is the process. Just to make sure you're not building something that's in violation of whatever that zoning is. Well, that's what we submitted, Your Honor. It was for site plan approval. So that was the submission that was made. So on the facts of this case, and this case may be narrower than others, but on the facts of this case, we had a permit that undisputably complied with all zoning. So once that permit had issued, you would have been able to go start bulldozing. Yes, Your Honor. Is that correct? Yes. Okay. Because it was 100% in compliance, and we could have done that. The issue here, Your Honor, is has the government taken a concrete position on that permit? And do we – I'm sorry, have they committed to a position, and do we have a concrete injury? And they have. They have said that we cannot build, even though we have a must issue permit, and we have suffered damages as a result of that. So because of that, Your Honor, this is a ripe case for determination. It is a very modest barrier, a very modest requirement that we have to meet, and in this case we have met it. I would also add, Your Honor, that in the trial court below, the government admitted that they made a final decision, and this is a ripe case for determination. They haven't responded to that or opposed that in this, but before the trial court they said that this case is ripe and the statute of limitations has run. Pursuant to the Sixth Circuit's decision in McDonald, that is an admission, and they have not contested that in their brief here. So I know we've been going back and forth about a lot of this, Your Honor, with a lot of hypotheticals, but the material facts in this case are undisputed. Not only undisputed by us, and the government is in agreement. They argued before the district court that this was a ripe case, and that is an admission on their part. Are the facts undisputed for purposes of statute of limitations, then? Should we resolve that? You shouldn't, Your Honor, and here's the reason why. I mean, you can, and as I set forth, we're fine on the statute of limitations in the brief. However, the statute of limitations was not decided by the court below. This is a court of review, not a court of first review, and the only way you should be deciding it is if the government can show either a manifest injustice or extraordinary circumstances. The government did not mention those requirements in the brief. The government did not argue those requirements in the brief. So there is no manifest injustice. There are no extraordinary circumstances. But moreover, Your Honor, were you to do it, as we set forth in our complaint, the law is clear that the statute of limitations for a temporary taking has not even begun to run. The statute of limitations starts and accrues when the temporary taking ends, and because the temporary taking is still ongoing, we are perfectly fine on the statute of limitations. Moreover, Your Honor, we have alleged in the complaint, pursuant to facts in the complaint and specific paragraphs, that there was a continuing violation and that equitable estoppel applies, and both of those allegations have to be taken as true with all inferences in our favor. Did the court make a ruling on the statute of limitations? No, Your Honor. The district court did not rule on the statute of limitations. The district court also did not rule on qualified immunity for defendant Kempf, which is also an issue that was raised by the government. So in closing, Your Honor, as I see I'm getting close to my time, unless the court has any additional questions, this court is ripe for determination, this case is ripe for determination, and the district court's decision should be reversed. Thank you, counsel. You've reserved time for rebuttal, I think. Yes, Your Honor. We'll hear from the government. May it please the court. Allison Bussell on behalf of the Appalese, Lucy Kempf and the Metro Government of Nashville and Davidson County. This court should affirm the trial court's dismissal of plaintiff's takings and due process claims either because the claims are not ripe, as the trial court found, or because they are time barred. There is an inherent and fatal flaw in the plaintiff's arguments on appeal. Plaintiff is arguing on one hand that the hold placed on development of its property was a final decision under Williamson County Planning Commission that renders the claim ripe, but on the other hand is arguing that the claim hasn't accrued. Plaintiff does this by attempting to assert a per se taking, a Lucas taking, for purposes of ripeness, but a temporary taking that would be subject to Penn Central for purposes of the statute of limitations. That can't be. Ripeness and claim accrual are two sides of the same coin. If the claim has ripened, then the claim has accrued. And if it's a per se taking, as the complaint plainly alleges, then it... But what's your primary argument? Our primary... Ripe or is it time barred? Fair question, and I think it's a really good question, and I think the parties and the trial court have wrestled with it. It's a question in the case, I think, but thank you anyway. It is our position, because this is a 12b6 motion that we properly argued at below that the claim is time barred. I understand where the trial court is coming from, and I understand the idea that, you know, it's a hold. It's not the same as, Your Honor, Judge Hermendorfer was discussing, sort of going through that administrative process, and an official decision is made through that administrative process. That's typically the final decisions that we're talking about in Williamson County, so this is a bit different than that. It doesn't fit squarely into that category. But we do agree, frankly, with the appellant that a decision was made about this property. The decision was made and communicated to the plaintiff in June of 2022 that there was a hold on their development. And they agree that that... There's still a hold? There is not still a hold, Your Honor. In the last month or so, the parties are in active negotiations concerning this property, and there is no hold on their permit application. So if this were remanded, this would materialize into, number one, a fight over the statute of limitations, and number two, then, like a temporary claim for damages for the carrying costs that they've had for the past few years? Well, respectfully, we believe they've forfeited those arguments at this point. This claim was not pleaded as a temporary taking. It was not litigated as a temporary taking. This claim was pleaded as a per se Lucas taking. Paragraph 21 of the complaint. The hold was placed. The property immediately lost all value and was undevelopable and unsellable. Paragraph 22. There is no indication of when or whether the hold would be lifted. And the plaintiff has argued unequivocally that that was a final decision in June of 2022. I heard you at the podium. You agree with that now? That that was a final decision? Well, we agreed with it. We agreed that, as pleaded, that was a final decision. Now, we have argued on appeal, frankly, because we understand the quandary that these cases present. It's not always an easy call in situations like this where it's not the typical process. Your Honor's right. This is not the typical process. But there was... Sorry to interrupt you on the process piece. Like, in the normal course, if there hadn't been this Planning Commission, kind of East Bank-specific process for putting the hold on, am I right that usually they would have had... They're a permissible use. They would have gone back and forth on their site plan. That would have been approved. But that might have taken some time to get final approval. Like, what's your response to his kind of must-issue lens on the case? Well, my first response is it's irrelevant to what we're talking about because we're not talking about the merits. We have not argued that a taking didn't occur. I heard a lot of discussion about all of the loss and whether this is or is not a taking, but that's not what the court is answering. The court is asking... I take it his must-use argument was directly relevant to the ripeness question. The must-use... Because once you tell him you can't... We're not issuing the permit. You can't start bulldozing. You have made a decision that there's no longer a ripeness problem. But I hear you just agree with him that there's not a ripeness problem. I agree that a decision was made with respect to this property. Okay, so it's ripe, then. We agree that it's ripe? I'm just trying to figure out what we're doing here. Why can't we figure... Why are we on appeal? Why don't you just fight about the statute of limitations in the court below? Well, I think we have presented arguments why the court should go ahead and find that the claim is time-barred. Now, the trial court... Usually, in a situation like that, yeah, I suppose we could decide it, but most of the time we would... If the district court hasn't resolved that issue, I'm not sure that we would have anything to do with it. The court certainly can. In fact, the appellant just conceded that the court has the ability to do that. I know we can. I'm just saying that normally we wouldn't. Normally we would have the district court... I mean, I don't know what... There may be a record. I suppose that you all agree that there's no record to be made here. Nobody needs to get any facts related to the statute of limitations, so it's ready to go. So maybe we would make a decision. I don't know, but it's pretty rare, I think. Most of the time we would just give this back. I think there are numerous reasons why it would make sense. Especially if you're in negotiations. I mean, why don't you just fold it into whatever negotiations you're having? Why do you want to do it piecemeal? That's a complicated question that really turns on condemnation law in Tennessee. So really the question of the property, the value of the property really has to be separated from any sort of claim that there has been a taking. So those issues really can't be combined under Tennessee law, but there are numerous reasons why this court... They can be combined in the negotiation process. It's just about money. Anything can be negotiated. Understood, and negotiations are taking place as we speak. But this appeal was filed, and I'm here to respond to it. So that was not my choice. But there are numerous reasons why this court should go ahead and decide this case. Again, claim accrual is the other side of the same coin. If the claim is ripe, and I think we agree that that's where the trial court should have gone here. The claim is ripe, but the claim is time-barred necessarily because if the claim accrued on the day the hold was placed, the plaintiff did not file their complaint for nearly two years. I thought they had all sorts of equity-based defenses to accrual. My understanding is typically those are questions of fact that are dealt with at the summary judgment phase as opposed to on just a 12B6 record. We would submit that based on the pleadings, there's a couple of reasons why the court should go ahead and address it. One, the trial court did. So we sort of know where the ship is headed, even if it did get remanded. The court specifically addressed the extraordinary delay argument that they made under the statute of limitations. Now, ironically, they don't make that argument in rightness. So there's an internal inconsistency there, but the court addressed that and rejected it. The trial court also addressed the continuing violation doctrine, which, of course, is, as you know, rarely applied in the context of 1983. I've not identified a single case in a similar context where it's been applied. The court rejected that. And the only defense that remained that the plaintiff made was equitable estoppel, which, again, aren't favored in Tennessee. The complexion of the case would change, well, in front of the district court. If the rightness argument goes away and you go to the district judge and say, Your Honor, we both agree that there was a decision made in June of 2022, whenever it was, and actually you were wrong about the rightness. So the complexion of the case has now changed, right? And so whatever the district court was thinking or whatever would have logically followed from that decision, like, for example, things regarding extraordinary delay, would kind of fall away at that point, right? I would submit not appropriately so, Your Honor. And I would encourage you to take a look again at the memorandum opinion. She does a really, I thought, really insightful job at sort of previewing kind of where the plaintiff may go. And the plaintiff did, of course, then file a motion for reconsideration. But she said that the plaintiff, I'm going to actually grab the opinion because I think that would probably be more helpful than attempting to quote from it. She anticipated exactly what the, it wasn't anticipated, she was watching it happen. The plaintiff was doing exactly what the plaintiff is doing here. It's sort of arguing on the one hand something that then becomes completely inconsistent with what they're arguing in the statute of limitations portion of the case. And so she went ahead and sort of batted those arguments down. Continuing violation, extraordinary delay. The plaintiff has said in no uncertain terms, this is not a delay case. It would be completely inappropriate at this point for the plaintiff then to just bust it wide open and litigate it in a completely different direction after an appeal. That's just, that's not how the process is designed to work. On page 38 of their brief, they say. When you say not a delay case, what is that? I'm confused. I think I took their position to be, you should have issued this permit in June of 2022. You did not. My property could not be developed. It is worthless. In fact, it is costing me money to carry it. It has cost me money for the last four years. So at a minimum, you need to pay me back all that money and the economic value that I would have gotten, I assume, from building some apartment complex that presumably would have been open for the past few years. Great. And if all of that is true, Your Honor, they should have filed the lawsuit within a year of June of 2022. That's exactly the problem. If you accept all of that, which they're saying in the complaint, which the court must do for purposes of a motion to dismiss. But you don't have a fee in the property, right? I mean, the state doesn't have the fee. They still own title. So, I mean, why isn't it a temporary taking until you decide that you're going to take the fee or that they can develop? Again, because that's not how the case was pleaded and that's not how the case was argued. They certainly could have taken that position, but they haven't. They've never taken the position that this was a temporary taking until we made a statute of limitations argument in our appellee brief. That's the very first time they've made that argument. Not at the trial court and not until their reply brief. It would be completely inappropriate to... What does the pleading have to say? I'm confused. It says it's a per se taking. It says it lost all value. Their complaint and really... I mean, it did lose all value. They haven't had any value for four years.  But we're not here to argue about the merits. Except all of that is true. If that hold rendered their property valueless in June of 2022, and they certainly knew that because they sent us a letter that said that, then they should have filed suit within a year. That's what we're saying. I thought there... Okay, let me... As far as I can tell from this argument, you agree that there was, for takings purposes, a final decision made on the property in June of 2022? Yes.  Yes. Okay. Yes. I think it's a really hard question because there's no case that describes an indefinite hold like this as a final decision. But I do think that is the most sound conclusion that can be reconciled with all of the case law. You agree, like, if we're thinking about finality, there was no administrative redress? Like, there was no process through which they could have appealed the indefinite hold decision through, like, the zoning board of appeals? I think that's just not in the... I think that's just not before the court because this is a 12b6 motion. I think this concept, even, of this is a must-issue permit is really a legal question that should not be deemed true for purposes of a 12b6 motion. I think the appellant is trying to have that carry too much weight here. It's not a fact. That requires a legal conclusion. There's been no analysis of the metro code. That's just not really before the court. So, like, what could have happened beyond this? In addition, the appellant also has completely disavowed any sort of futility argument. They have not argued that. In fact, I believe in one of the footnotes of their brief, they disavowed that argument altogether. Can I ask you this, though? So you say they're blown the statute. They should have sued within a year. They haven't. So they can never sue? Like, what if you took the fee tomorrow? Could they sue you then? That's a new act. That's just a new... That's a new discreet act that they could challenge. That's not the same governmental action. But it's the whole... Anything related to the whole would be off-limits. That's right. That's right. What if they sent you a new email tomorrow and said, hey, what's going on with our property? And you said, it's still on hold. Is that a restart? That's just the effects of what they are claiming to be an illegal action. So that's why the continuing violation doctrine doesn't apply. It's essentially Eidsen. It's essentially Kumley Brothers. You made a decision about this particular situation, and then I checked back in, and you said, nothing's changed. That's just continued effects. That's not a new act. But I am out of time. I just briefly want to argue on behalf of Lucy Kempf. Qualified immunity should be addressed as quickly as possible. And plaintiff has never, not at the trial court, not here, cited any case that would put her on notice that this is a violation of due process. And so we would ask you to... Even if inclined to remand for Metro, we would ask you, just in light of the significance of that qualified immunity doctrine, to affirm the dismissal of Lucy Kempf. Thank you, your honors. Rebuttal. Thank you, your honors. Just a few things to correct in light of the government's admission that this case is ripe for determination. I guess going backwards to front, with respect to qualified immunity for Ms. Kempf, that was not addressed by the court below. So for the same reasons as the statute of limitations, it should not be addressed in the first instance here. I would also note, your honor, that in our claim, we argued that the government, that there was a substantive due process violation, and that the government exceeded its authority. And that would directly go to the qualified immunity issue. And the district court never decided that. So I think because of that, your honor, Ms. Kempf cannot be granted qualified immunity here. I would also note, your honor, with respect to the statute of limitations issue, and qualified immunity overall, as I'm sure the court is well aware of, deciding in the first instance is disfavored, because it was not raised in the court below, because they have not met the standard. Can you talk about whether you, did you plead a temporary taking or not? We did, your honor. And that was one of the things that I wanted to correct. We have 45 seconds, so go ahead. The government is reading in something that's not there. We never claimed a Lucas taking. We never claimed a per se taking. We said that the government deprived our property of all value, and it was a violation of the Fifth Amendment. By law, your honor. By law, you mean a Lucas taking? Not when it's temporary, your honor. When it's a temporary taking, it gets filtered through Tahoe, Sierra, and then Penn Central. So we did not cite those cases. We said it's a Fifth Amendment taking, and by law, that means it goes through Penn Central. We didn't argue Lucas, and we didn't argue. There's no disconnect there. The claim says it's a Fifth Amendment taking. So that, I think, is an interpretation and an incorrect one. The last thing I'll say, your honor, if I can just say one last thing, is that the hold is still in place. We are negotiating, but we are not permitted to build. And that's just one factual thing that I think is not material to the rightness determination, but I wanted to correct it nonetheless. Thank you. Thank you both. Thank you, your honor. Helpful briefs and arguments. The case will be submitted.